Hanwei Cheng, Esq. SBN 248803
  hanwei.cheng@adlilaw.com
A. Tyler Mellos, Esq. SBN 294501
  tyler.mellos@adlilaw.com
ADLI LAW GROUP, P.C.
444 South Flower St., Suite 3100
Los Angeles, California 90071
Telephone: (213) 623-6546
Facsimile:  (213) 623-6554

Attorneys for Plaintiff Thomas Lee

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE an individual, | Case No.: 2:16-cv-6994 |
| *Plaintiff*, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| *v.* | |
| EQUITY HOTEL SUPPLY CO., a California corporation; SUNSET PLAZA MANAGEMENT CO., LLC, a California limited liability company; SUNSET TOWERS WEST, LTD., A LIMITED PARTNERSHIP, a California limited partnership, | **DEMAND FOR JURY TRIAL** |
| *Defendants*. | |

Plaintiff THOMAS LEE ("Plaintiff") hereby complains of Defendants EQUITY HOTEL SUPPLY CO. ("Equity Hotel"); SUNSET PLAZA MANAGEMENT CO., LLC ("SPM"); and SUNSET TOWERS WEST, LTD., A LIMITED PARTNERSHIP, ("Sunset Towers") (collectively "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims that relate to copyright infringement under 17 U.S.C. §501, *et seq.*, as it arises under the laws of the United States. The Court has supplemental jurisdiction over the claims in this Complaint which arise under the state statutory and common law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. This action is not a collusive action designed to confer jurisdiction on a court of the United States that it would not otherwise have.

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c).

3. This Court has personal jurisdiction over the Defendants because they have a continuous, systematic, and substantial presence within this judicial district.

## PARTIES

4. Plaintiff Thomas Lee is a citizen and resident of the State of California.

5. Plaintiff is informed, believes, and based thereon alleges that Defendant Equity Hotel Supply Co., is a California corporation located at 8400 Sunset Blvd., West Hollywood, California and registered to do business in the State of California.

6. Plaintiff is informed, believes, and based thereon alleges that Defendant Sunset Plaza Management Co., LLC, is a California limited liability company located at 8400 Sunset Blvd., West Hollywood, California and registered to do business in the State of California.

7. Plaintiff is informed, believes, and based thereon alleges that Defendant

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1971.201

Sunset Towers West, Ltd., A Limited Partnership, is a California limited partnership located at 8400 Sunset Blvd., West Hollywood, California and registered to do business in the State of California.

8. Plaintiff is informed, believes, and based thereon alleges that Defendants, and any of them, own and or operate the Best Western Sunset Plaza Hotel ("Sunset Plaza Hotel") located at 8400 Sunset Blvd., West Hollywood, California where the facts and circumstances occurred which give rise to this Complaint.

## FACTUAL ALLEGATIONS

Plaintiff is informed, believes, and based thereon alleges the following:

9. In 1991, Plaintiff created maps of: 1) Hollywood/Beverly Hills; 2) Downtown Los Angeles; and 3) the Beaches. Plaintiff created the maps with the intent of offering customized versions to area hotels.

10. In 1994, Plaintiff obtained copyright registrations for all maps under the title "LA Insider Maps." The maps are listed under copyright registration number VA 692-555. Each of Plaintiff's maps had notice of Plaintiff's copyright registration.

11. In or around April 2016, Plaintiff became aware that the Sunset Plaza Hotel had been distributing copies of Plaintiff's Hollywood/Beverly Hills map ("Unauthorized Map") to its guests and others.

12. At no time did Plaintiff give the Sunset Plaza Hotel permission to distribute or use the Unauthorized Map. In addition, at no time did the Sunset Plaza Hotel inform Plaintiff of its intent to copy and distribute Plaintiff's Unauthorized Map.

13. In fact, the Sunset Plaza Hotel even went so far as to place its own logo and trademark on the Unauthorized Map and then distribute to the public.

14. Plaintiff is informed, believes, and based thereon alleges, that Defendants and/or the Sunset Plaza Hotel also revised Plaintiff's original map of Hollywood/Beverly Hills and added certain streets and landmarks, as well as changing certain fonts on the map in order to create the Unauthorized Map.

15. Plaintiff went to the Sunset Plaza Hotel and requested a copy of the

1 Unauthorized Map. The representative at the Sunset Plaza Hotel provided two copies 2 of the Unauthorized Map to Plaintiff.

3     16.    The Sunset Plaza Hotel and Defendants were fully aware that Plaintiff 4 possessed copyright registration for the Hollywood/Beverly Hills map. Yet, they still 5 knowingly and intentionally made photocopies of Plaintiff's works and distributed 6 them to the public absent Plaintiff's consent and without informing Plaintiff. They 7 even went so far as to make revisions to Plaintiff's map and include their own 8 trademark and logo. In so doing, not only did they infringe on Plaintiff's copyrights, 9 they also created derivative works.

## FIRST CAUSE OF ACTION

### *Copyright Infringement*

### *(Against All Defendants)*

13     17.    Plaintiff repeats and re-alleges each and every allegation set forth above 14 as if set forth fully herein.

15     18.    This is an action for copyright infringement under the Copyright Act, 17 16 U.S.C. §502, *et seq*.

17     19.    Plaintiff is the owner of a valid and enforceable copyright in his map of 18 Hollywood/Beverly Hills. The map contains copyrightable subject matter under 17 19 U.S.C. §101, *et seq*.

20     20.    Plaintiff has complied with the registration requirements of 17 U.S.C. 21 §411(a) for the copyrighted work, and has obtained Copyright Registration No. VA 22 692-555 for his map. In addition, the map displayed notice of Plaintiff's copyright 23 registration.

24     21.    As set forth above, Defendants have engaged in acts of direct 25 infringement by distributing and offering reproductions and derivative works that 26 copy Plaintiff's copyrighted map without Plaintiff's consent. Defendants engaged in 27 such acts knowingly and intentionally as they were on notice of Plaintiff's copyright 28 registration.

22. As set forth above, Defendants, and each of them, are each vicariously liable for the acts of infringement committed by the other co-Defendants in view of their partnership and joint ownership of the Sunset Plaza Hotel, the direct financial interest received from the distribution of the infringing work, and their joint right and ability to supervise the availability of the maps distributed by the Sunset Plaza Hotel.

23. As set forth above, Defendants, and each of them, have contributed to the acts of copyright infringement committed by its co-Defendants in view of their knowledge of the other co-Defendants' activities and their partnership with these co-Defendants.

24. Defendants' deliberate copying of Plaintiff's copyrighted work infringes and continues to infringe Plaintiff's copyrights in violation of 17 U.S.C. §501(a). Defendants are directly and indirectly infringing on Plaintiff's exclusive right to reproduce copies, make derivative works, and distribute copies of his copyrighted work under 17 U.S.C. §106.

25. Defendants' acts have injured Plaintiff in an amount to be determined at trial.

26. Plaintiff is being irreparably damaged by Defendants' infringement of Plaintiff's copyrights, and has no adequate remedy at law to address the harm Defendants are causing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in their favor against Defendants for the following relief:

1. A preliminary and permanent injunction against Defendants, their officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, enjoining them from engaging in, and from assisting or inducing, directly or indirectly, others to engage in copying, reproducing, distributing, displaying, or creating derivative works of Plaintiff's copyrighted works.

2.      That Defendants violated 17 U.S.C. §501(a) by infringing Plaintiff's Copyright Registration No. VA 692-555.

3.      That Plaintiff be awarded his damages and Defendants' profits under 17 U.S.C. §504, as well as enhanced damages pursuant to 17 U.S.C. §504. Alternatively, if Plaintiff elects, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504.

4.      That Plaintiff be awarded his reasonable costs, expenses, and attorneys' fees pursuant to 17 U.S.C. §504.

5.      That Defendants be required to deliver and destroy within thirty (30) days all devices, literature, advertising, goods, and other materials bearing the infringing copyrighted works pursuant to 17 U.S.C. §503.

6.      An award of pre-judgment and post-judgment interest and costs of this action against Defendants.

7.      Such other and further relief as this Court may deem just.

ADLI LAW GROUP, P.C.

Dated: September 16, 2016      By:    */s/ Hanwei Cheng*
                                            Hanwei Cheng, Esq.
                                            A. Tyler Mellos, Esq.
                                            *Attorneys for Plaintiff Thomas Lee*

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1971.201

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury in this action.

Dated: September 16, 2016     By:     */s/ Hanwei Cheng*
                                      Hanwei Cheng, Esq.
                                      A. Tyler Mellos, Esq.
                                      *Attorneys for Plaintiff Thomas Lee*